IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 12:56 pm, Mar 24, 2020*

SHAMPOIRE ORANGE,

    Plaintiff,

v.

SHAUN BARRICK; NATALIE HARRIS;
MARK FOREMAN; KENNY THOMPSON;
and ERIC THOMAS,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-5

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 21.[1] Plaintiff requested and was ordered to file a Second Amended Complaint, which is now the operative pleading in this case. Docs. 14, 18, 21. This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.     Plaintiff's equal protection claim; and

2.     Plaintiff's First Amendment retaliation claim.

---

[1] Plaintiff initially filed a Complaint on January 24, 2019. Doc. 1. On December 16, 2019, after being granted leave to amend by this Court, doc. 18, Plaintiff filed his Second Amended Complaint, doc. 21. "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Accordingly, this Court, in conducting its review under § 1915A, will only consider the allegations of Plaintiff's Second Amended Complaint. See Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) ("The district court did not err in considering [pro se prisoner's] Amended Complaint to supersede his Initial Complaint.").

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court directs service, by separate Order, of Plaintiff's Eighth Amendment claims of excessive force and cruel and unusual punishment against Defendants Barrick, Foreman, Harris, Thompson, and Thomas.

## PLAINTIFF'S CLAIMS[2]

Plaintiff, who is presently confined at Coleman Medium in Coleman, Florida, brings this lawsuit under 42 U.S.C. § 1983, alleging Defendants Barrick, Foreman, Harris, Thompson, and Thomas[3] violated his equal protection rights, his Eighth Amendment rights, and his First Amendment rights. Doc. 21 at 2–3. This action arises out of events that occurred on December 10, 2018, while Plaintiff was housed at the Bulloch County Jail. Id. at 4. On that date, Plaintiff rejected Defendants Foreman and Harris' attempts to move him from segregation into general population, informing them he did not want to leave his segregation cell due to a knee injury and because he feared for his safety in general population. Doc. 21-2 at 2. The officers, thereafter, returned to Plaintiff's cell with Defendants Thomas and Barrick and an order from Defendant Captain Kenny Thompson to move Plaintiff to general population "by any means." Doc. 21-1 at 3; Doc. 21-2 at 2. When Plaintiff again reiterated that he feared for his safety and had a knee injury, Defendants Thomas and Foreman grabbed Plaintiff's arms in an attempt to move him, while Plaintiff held on to his bunk. Doc. 21-2 at 3. Defendant Barrick then shot Plaintiff in the arm and leg with a taser. Id. at 2–3. Plaintiff alleges Defendant Foreman then threw Plaintiff to the ground, placed his knee on Plaintiff's back, and cuffed him. Id. at 3. Defendant Harris stood

---

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3] Plaintiff does not include Eric Thomas in the section of the Second Amended Complaint form listing Defendants. Doc. 21 at 2–3. However, he does identify Mr. Thomas in other parts of the Second Amended Complaint, id. at 4; doc. 21-2 at 2–3, and he does list Mr. Thomas as a Defendant in the caption his handwritten supplement submitted with his Second Amended Complaint. Doc. 21 at 12. Accordingly, the Court concludes Plaintiff intended to include Mr. Thomas as a Defendant in this lawsuit.

in the doorway of the cell during the incident. Id. at 2. Plaintiff was not seen by medical until the next day, at which time he received pain medication and pills for swelling and infection from the taser prongs. Id. at 3. He was also scheduled to see a doctor for his back pain. Id. Plaintiff alleges he has suffered from anxiety attacks and depression since the incident. Id. at 4. He seeks compensatory, punitive, and nominal damages for his injuries, to include both his physical injuries and his mental and emotional injuries. Doc. 21 at 5. He is suing Defendants in their individual capacities. Id. at 2–3.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). During the initial screening, the court must identify any cognizable claims in the complaint. Id. Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[4] Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[4] Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(a).

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. At this stage, the Court accepts as true a plaintiff's factual allegations. Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## DISCUSSION

### I. Plaintiff's Equal Protection Claim

In his Second Amended Complaint, Plaintiff makes a general allegation that Defendants violated his equal protection rights. Doc. 21 at 3–4. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (quotation marks and citation omitted). When differential treatment does not affect a fundamental right or single out a suspect class, it is subject only to rational basis review. See Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000).

In this case, Plaintiff fails to allege he received discriminatory treatment on the basis of race or another constitutionally protected interest. Further, Plaintiff does not even allege he was treated differently than other similarly situated prisoners. For these reasons, the Court finds that Plaintiff's Second Amended Complaint does not state a claim under the Equal Protection Clause. See Twombly, 550 U.S. at 555 (requiring plaintiff to assert "more than labels and conclusions"). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's equal protection claim.

## II.     Plaintiff's First Amendment Retaliation Claim

Plaintiff also claims that Defendants "violated plaintiff['s] rights against freedom of speech retaliation."  Doc. 21 at 3.  To prevail on a retaliation claim, Plaintiff must establish that:

> (1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance].

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (quotation marks and citation omitted).  Here, it is unclear what, if any, speech Plaintiff contends is protected or which particular acts of Defendants he deems to be retaliatory.  The Court should not be left with the job of trying to piece together the elements of Plaintiff's claim.  A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  As Plaintiff has failed to outline the specific speech he contends is protected or the particular actions he contends are retaliatory, the Court finds his Second Amended Complaint fails to state a claim of First Amendment retaliation.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's First Amendment retaliation claim.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's equal protection claim and his First Amendment retaliation claim against Defendants.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the

Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of March, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA